UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FIA CARD SERVICES, N.A., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 10-154-B-W ) |
| JOHN F. RILEY, | ) ) |
| Defendant | ) |

## RECOMMENDED DECISION

FIA Card Services, N.A. sued John Riley in the Ellsworth District Court, Hancock County, Maine, for $22,977.05 on an account annexed. John Riley removed this case to federal court more than 30 days after having been served with the complaint in the state court case. The basis for removal was that Riley asserted purported counterclaims under federal statutes, the Americans with Disabilities Act and the Consumer Credit Protection Act. Riley also added another party defendant, Bank of America. After removing the case, Riley filed a renewed motion to dismiss the original complaint and the court referred that motion to me for a recommended decision. Before issuing a recommended decision on the motion to dismiss, I concluded that I had a serious question about this court's jurisdiction to entertain this case in its present posture.[1] I then issued an order to show cause to both parties to address the issue of jurisdiction. The parties have now responded and based upon those responses I recommend[2] that this court remand the case to the Ellsworth District Court.

---

[1] Clearly this court has federal question jurisdiction to consider Riley's federal claim in an independent action. The only issue addressed in this recommended decision is this court's jurisdiction over the complaint originally filed in the state court.

[2] There is some debate about a magistrate judge's authority to enter orders on motions to remand. The foolproof approach appears to be that I should offer the Court a recommendation on the motion. See, e.g., Vogel v. U. S. Office Prods. Co., 258 F.3d 509, 517 (6th Cir. 2001) ("agree[ing] with the Third and Tenth Circuits that remand motions are dispositive and, as such, can only be entered by district courts"); Unauthorized Practice of Law

Chief Judge Woodcock's recent opinion in Keybank Nat'l Ass'n v. Katahdin Communications, Inc., Civ. No. 10-141-B-W, 2010 WL 2361692, 2010 U.S. Dist. Lexis 57445 (D. Me. June 9, 2010), settles this question in my mind. See also Rafter v. Stevenson, 680 F. Supp. 2d 275, 279 (D. Me. 2010) ("An actual or anticipated counterclaim sounding in federal law (Stevenson announced one in his Notice of Removal and then pleaded one in his Answer) cannot create federal jurisdiction."). I see no way this court can properly exercise jurisdiction over this removed complaint. The matter must be returned to the Ellsworth District Court and I so recommend.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 16, 2010

---

Comm. v. Gordon, 979 F.2d 11, 13 (1st Cir. 1992) (identifying the issue but seeing no need "to enter the fray at th[e] time").