UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FIA CARD SERVICES, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-10-154-B-W |
| | ) | |
| JONH F. RILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S
MOTION TO STAY PENDING APPEAL**

The Defendant in dispute for $22,977.05 attempted to remove the case from state to federal court. Deeming the $75,000 jurisdictional amount unsatisfied, this Court remanded the case to state court for lack of subject matter jurisdiction under 28 U.S.C. § 1332. On September 29, 2010, in anticipation of an appeal, the Defendant moved to stay the remand order pending appeal. *Motion to Stay the Order Remanding to State Court Pending Appeal to the First Circuit* (Docket #33) (*Mot. to Stay*). On October 4, 2010, the Defendant appealed. *Notice of Appeal* (Docket # 34). The Court denies the motion to stay.

I.  PROCEDURAL HISTORY

On January 10, 2010, FIA Card Services, N.A. (FIA), a Delaware corporation, filed suit in state of Maine District Court in Ellsworth, Maine, against John F. Riley, a resident of Blue Hill, Hancock County, state of Maine, seeking judgment on an alleged debt owed on an annexed account in the total amount of Twenty-Two

Thousand Nine Hundred Seventy-Seven Dollars and Five Cents ($22,977.05). *Compl.* Attach. 1 (Docket # 1). Mr. Riley answered the Complaint on February 23, 2010, denying the alleged debt. *Ans.* Attach. 4 (Docket # 1).

On April 23, 2010, Mr. Riley filed a notice of removal in this Court, claiming federal jurisdiction under 28 U.S.C. § 1441. *Notice of Removal* (Docket # 1). On the same day, he filed a counterclaim against FIA. *Amendment to Ans. and Countercls.* (Docket # 6). On June 23, 2010, the Magistrate Judge issued an Order to Show Cause questioning whether this Court has jurisdiction over the matter under 28 U.S.C. § 1332(a), since the amount in controversy in the Complaint did not exceed the $75,000 requirement for diversity jurisdiction. *Order to Show Cause* (Docket # 26). Mr. Riley responded to the Order to Show Cause on July 13, 2010, and objected to a remand to state court. *Resp. to Order to Show Cause* (Docket # 27). FIA responded on July 15, 2010, agreeing that this Court lacked jurisdiction. *FIA Card Servs. Resp. to Order to Show Cause* (Docket # 28). On July 16, 2010, the Magistrate Judge issued a Recommended Decision in which she recommended that the Court remand the case to state district court. *Recommended Decision* (Docket # 29). Mr. Riley objected to the Recommended Decision on July 29, 2010. *Ob. to Remand to State Court* (Docket # 30). On September 7, 2010, the Court affirmed the Recommended Decision and remanded the matter to the state of Maine District Court in Ellsworth. *Order Affirming Recommended Decision and Remanding to State Ct.* (Docket # 31).

On September 29, 2010, Mr. Riley moved to stay the remand to state court pending his appeal to the First Circuit. *Mot. to Stay*. His single-sentence motion provided no justification for his request. His appeal is premised on "the lack of justification in [ruling] the $75,000 bench mark as not having been met" and the Court's refusal to consider Mr. Riley's counterclaims when assessing the amount in controversy. *Notice of Appeal*.

## II. DISCUSSION

Although Mr. Riley has appealed, this Court retains authority to stay its order until the First Circuit has ruled. *Newton v. Consolidated Gas Co.*, 258 U.S. 165, 177 (1922) ("Undoubtedly, after appeal the trial court may, if the purposes of Justice require preserve the status quo until decision by the appellate court."); *see also Rakovich v. Wade*, 834 F.2d 673, 674 (7th Cir. 1987) ("[A] notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment."); *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Mo. 1990) ("The power of a district court to grant a stay of judgment pending appeal terminates when the Court of Appeals issues its mandate.").

The Court has considered Mr. Riley's motion to stay in light of the Supreme Court's traditional four-factor test[1], paying particular attention to the likelihood of

---

[1] The factors are:
  (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
  (2) whether the applicant will be irreparably injured absent a stay;
  (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
  (4) where the public interest lies.
*Nken v. Holder*, 129 S. Ct. 1749, 1756 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002).

3

Mr. Riley's success on the merits. *See Acevedo-Garcia*, 296 F.3d at 16-17 ("The sine qua non of the stay pending appeal standard is whether the movants are likely to succeed on the merits." (internal brackets omitted)).

Binding legal precedent stands overwhelmingly against Mr. Riley's position, and the Court regards Mr. Riley's likelihood of success on appeal as beyond remote. *See Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009) ("[F]ederal jurisdiction [cannot] rest upon an actual or anticipated counterclaim."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) ("Title 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them."); *Keybank Nat'l Ass'n v. Katahdin Commc'ns, Inc.*, No. CV-10-141-B-W, 2010 U.S. Dist. LEXIS 57445 (D. Me. Jun. 9, 2010); *Satterfield v. F.W. Webb, Inc.*, 334 F. Supp. 2d 1, 4-5 (D. Me. 2004) ("Plaintiff has stated in her complaint that her claim is for less than $75,000 . . . Since 'the sum claimed by the plaintiff controls if apparently made in good faith,' . . . this Court does not have subject matter jurisdiction over this claim under 28 U.S.C. § 1332.").

Turning to the remaining factors, the Court can discern no harm to Mr. Riley if the stay were denied; this case will proceed on the same general track whether in this Court or another. The harm to FIA Card Services, N.A. is apparent. For the moment, Mr. Riley has succeeded in making what appears to be a straightforward

4

state court collection action into a federal case, and a stay pending appeal would deprive FIA of its right to a speedy disposition of its cause of action. Finally, to postpone the resolution of this case during an unproductive appeal would hinder the public's general interest in the prompt administration of justice.

Applying the four-factor test, the Court concludes that a stay pending appeal would be inappropriate.

## III. CONCLUSION

This Court ORDERS

(1) That the Defendant's Request for Stay of the Order by the District Court Pending Appeal (Docket # 33) is hereby DENIED; and

(2) That this matter must be and hereby is REMANDED to the state of Maine District Court, Ellsworth, Maine.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 8th day of October, 2010